■ In the Matter of JOSEPH HLADKY, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [638 NYS2d 831] —Mercure, J.

Following a final parole revocation hearing conducted on February 23 and February 26, 1993, respondent revoked petitioner's parole, a determination affirmed on administrative appeal and now challenged by petitioner in this CPLR article 78 proceeding. We reject the contention that petitioner's due process rights were violated when he was denied an adjournment, requested for religious reasons. The record establishes that at the February 23, 1993 proceeding, the hearing was continued to February 26, 1993 in order to accommodate petitioner's request that he be allowed additional time to produce witnesses on his behalf. Petitioner was present at the time and voiced no objection to the February 26, 1993 date. On the adjourned date, the Hearing Officer was supplied with an "undelivered defendant" form indicating petitioner's refusal to attend the proceedings on that date, the stated reason being "observance of Muslum [*sic*] service". At that time, petitioner's counsel (obviously surprised by the development) stated "if [petitioner] has signed a refusal form for religious services, if he is a Muslum [*sic*] and, in fact, observes that religious holiday, then I ask that the matter be adjourned so he can be here to help me with his defense in this matter". Notably, respondent's records gave no indication, as expressed by the Hearing Officer, that "[petitioner] has any religious preference pertaining to the Muslum [*sic*] religion", and no evidentiary showing has been made, before the administrative tribunal or in the instant proceeding, that petitioner is a Muslim or that February 26, 1993 was a Muslim holiday. Under the circumstances, and particularly in view of the fact that this matter had been

scheduled on numerous prior occasions and that no arrangements had been made to call any witnesses to testify on petitioner's behalf, we conclude that the Hearing Officer did not err in completing the hearing by closing the proof and rendering a determination (*see, Matter of Christianson v Rodriguez*, 176 AD2d 1134, 1135, *lv denied* 79 NY2d 752; *People ex rel. Rodriguez v Warden*, 163 AD2d 206).

The remaining contentions either have not been preserved for our review, have not been raised in petitioner's brief or have been found unavailing.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.